Michael GOODMAN, et al., Plaintiffs,

v.

Christine MONEY, et al., Defendants.

No. 3:01CV7633.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 13, 2001.

Harland M. Britz, Britz & Zemmelman, Toledo, OH, for Plaintiffs.

James E. Holloway, Office of the Attorney General, State of Ohio, Corrections Litigation Section, Columbus, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a pro se prisoner civil rights case brought by two inmates at the Marion, Ohio, Correctional Institution. They seek a temporary restraining order to enjoin enforcement of institutional grooming requirements, alleging that having their hair cut would violate tenets of their Orthodox Chassidic Jewish faith.

For the reasons that follow, the motion for a temporary restraining order shall be granted.

In *Flagner v. Wilkinson,* 241 F.3d 475 (6th Cir.2001), the Sixth Circuit recently held that a prisoner of the Chassidic faith had stated a claim, as to which material issues of fact existed, against prison officials who had cut his hair over his objection. Though holding that the District Judge had erred in her denial of qualified immunity to the prison officials, the appellate court stated that it agreed

with the district court that "material issues of fact exist as to the legitimacy of defendants' proffered justifications for enforcing the hair regulation against plaintiff. Plaintiff has come forward with evidence from which a trier of fact could reasonably conclude that defendants' enforcement of the grooming regulation against plaintiff was an exaggerated response to or not done for the asserted security concerns."

*Id.* at 482.

Although Ohio's grooming regulations may be enforceable, *see, e.g.,* See *Pollock v. Marshall,* 845 F.2d 656, 659–60 (6th Cir.1988), that fact does not preclude the plaintiffs from going forward with an as-applied challenge to the regulation. *Flagner,* 241 F.3d at 483. "In considering a challenge to a prison policy as applied, the proper inquiry is whether the actions of the prison officials are reasonably related to legitimate penological interests." *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 103 (6th Cir.1991).

Plaintiffs allege that plaintiff Goodman has been allowed to maintain his beard and sidelocks for more than a year, and plaintiff West has been permitted to do likewise for more than six years. About six months ago, according to the complaint, they were encouraged to transfer from Allen Correctional Institution, and given assurances that they would be able to practice fully all reasonable tenets of their religion.

On September 27, 2001, plaintiffs allege, they were advised that they were soon to be ordered to comply with standard MCI hair and grooming regulations, and that their hair and beard would have to be trimmed. No explanation for this notice was given to the plaintiffs.

█ In determining whether to issue a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure, a court is to consider: 1) whether the movant has shown a strong or substantial likelihood of success on the merits; 2) whether irreparable harm will result without an injunction; 3) whether issuance of a preliminary injunction will result in substantial harm to others; and 4) whether the public interest is advanced by the injunction. *Michigan State AFL—CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997).

█ Like the plaintiff in *Flagner,* plaintiffs' complaint presents "sufficient evidence to raise questions about the validity of the defendants' asserted penological interests." I conclude, accordingly, that a restraining order should issue to maintain the status quo pending further proceedings. Plaintiffs assert that heretofore they have been able, while incarcerated elsewhere in Ohio, to maintain their beards and hairstyles. This allegation suggests that the recent demand to conform to institutional grooming regulations may reflect, in the words of the District Judge in *Flagner,* as quoted, *supra,* by the Court of Appeals, "an exaggerated response to or not done for the asserted security concerns."

I am satisfied that irreparable harm will result to the plaintiffs if temporary relief to maintain the status quo is not granted. Once their hair is cut, their loss cannot be restored. Issuance of a temporary restraining order will present no apparent harm to others, aside from impeding any present inclination that the authorities may have to proceed to cut plaintiffs' hair and beards. To the extent that the public interest in giving prison officials the ability to maintain institutional order is adversely affected, there is no likelihood of enduring impairment of their ability to do so simply because temporary relief is granted in this instance.

In light of the foregoing, it is

ORDERED THAT:

1. Plaintiffs' motion for a temporary restraining order be, and the same here-

by is granted; the defendants and all persons acting in concert with them or subject to their supervision and control, or to the supervision and control of the Department of Rehabilitation and Corrections of the State of Ohio, are hereby temporarily enjoined from enforcing institutional or departmental grooming policies against the plaintiffs herein, or in any way punishing or sanctioning them for refusal to comply with said policies or the filing of this suit;

2. Harland M. Britz, Esq., of Toledo, Ohio, be, and he hereby is assigned to represent the plaintiffs pro bono publico; and

3. A telephone status conference be held before the undersigned and counsel for the parties on Friday, December 20, 2001, at 10:00 a.m.

So ordered.